1  Blakney A. Boggs (State Bar No. 266895)
   **FERGUSON, PRAET & SHERMAN**
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California 92705-7101
   Telephone: (714) 953-5300
4  Facsimile: (714) 953-1143
   bboggs@law4cops.com
5
   Attorneys for Defendants City of Fullerton, Albert Rincon and
6  Christopher Wren

7

8              UNITED STATES DISTRICT COURT

9            STATE OF CALIFORNIA, CENTRAL DISTRICT

10

11 KARI BODE and GINA NASTASI,    )   NO. SACV10-835 AG(MLGx)
                                  )
12           Plaintiffs,           )
                                  )   **[PROPOSED] PROTECTIVE**
13      v.                         )   **ORDER**
                                  )
14 CITY OF FULLERTON; OFFICER     )
   ALBERT RINCON; OFFICER         )
15 CHRISTOPHER WREN; and DOES 1   )
   to 100, inclusive,             )
16                                )
             Defendants.           )
17 _____ )

**PROTECTIVE ORDER:**

**Scope**

1. This Protective Order shall govern all documents hereinafter produced or disclosed in this action, or any information disclosed from those documents during a deposition or any pleadings filed with this Court, in this Action by either party (the "Designating Party") to the other party ("the Receiving Party").

**Confidential Information**

2. "Confidential Information" means:

   (A) Any information contained in a document that is stamped with "Confidential" or "Confidential – Subject to Protective Order"; or,

   (B) Any information contained in a document that is stamped with "Confidential – Attorney"s Eyes Only."

3. Stamping "Confidential," "Confidential – Subject to Protective Order" or "Confidential – Attorney"s Eyes Only" on the cover of a multiple page document shall classify all pages of the document as confidential unless otherwise indicated by the disclosing party.

**Permissible Disclosure of Confidential Information**

**A. Confidential Information**

4. Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential" or "Confidential – Subject to Protective Order" to the following people:

   (A)   Parties and their counsel including attorneys, paralegals, stenographic and clerical staff employed by such counsel;

   (B)   Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

   ( C)   The Court, Special Master appointed by the Court, mediator, and any members of their staff whom it is necessary to disclose the information;

1

        (D)    Any outside consultant or expert (and any employee thereof who would, in the course and scope of their employment, handle the at-issue documents), whether formally retained or not; and

        (E)    Subject to Paragraphs 9 through 11, any witness during a deposition.

        (F)    Any mediator.

**B.**    **<u>Confidential Information – Attorney's Eyes Only</u>**

Subject to Paragraph 5, the Receiving Party may show and deliver documents stamped with "Confidential – Attorney"s Eyes Only" to the following people:

        (A)    Attorneys, paralegals, stenographic and clerical staff employed by such counsel and all clients of such counsel in this litigation;

        (B)    The Court, Special Master appointed by the Court, mediator, and any members of their staff to whom it is necessary to disclose the information;

        ( C)    Stenographic employees, court reporters and videographers recording or transcribing testimony in this Action;

        (D)    Any outside consultant or expert whether formally retained or not; and

        (E) Subject to Paragraphs 9 through 11, any witness during a deposition.

        (F)    Any mediator

5.    If the Receiving Party provides Confidential Information to any person entitled to such information by the terms of this Order, such person shall be provided with a copy of the fully executed Protective Order, which he or she shall read. Upon reading the Protective Order, such person shall sign a Certification, the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms. The Receiving Party shall retain all executed Certifications until the end of the instant litigation. In the event of a

possible violation of this protective order, during the pendency of this litigation, and upon a showing of good cause, the Court may order production of the executed Certifications to the Designating Party. Otherwise, these Certifications are strictly confidential and are not subject to any discovery request during the pendency of this litigation. No more than thirty (30) calendar days after the end of this litigation in the instant case (as defined *infra* Paragraph 6), the Receiving Party shall provide all executed Certifications to the Designating Party.

6. The instant litigation is at an end when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

**Use of Confidential Information**

7. Confidential Information shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal. No person to whom this information is disclosed shall cause or permit it to be used for any other purpose.

8. Notwithstanding any other provisions hereof, nothing herein shall restrict any party"s counsel from rendering advice to its client with respect to this Action and, in the course thereof, relying upon Confidential Information provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information other than in a manner provided for in the Protective Order.

9. If Confidential Information is used, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential – Subject to Protective Order" or "Confidential – Attorney's Eyes Only" depending on the nature of the Confidential Information

used. If any portions of the deposition transcript and/or video or audio versions of the depositions containing Confidential Information, or references thereto, are filed with the Court, it shall be done in compliance in Paragraph 16 of the Protective Order.

    10.   A copy of this Order shall be attached as an exhibit to said deposition transcripts and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or videotape of said deposition shall be subject to the Protective Order. A copy of the Protective Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographers shall be subject to the Protective Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record. Any audiotape shall similarly be subject to the Protective Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

    11.   Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Documents or confidential information therein are used: the receiving party, the disclosing party, any parties" counsel, the court reporter, the court videographers, if any, and any of the named parties in this action. In the event that Confidential Information marked "Attorney"s Eyes Only" is to be used in the deposition, then the receiving party or parties shall be excluded from the deposition; however, counsel for the receiving party or parties shall continue to be permitted. Those attending any depositions using Confidential Documents shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally,

any statements made by the deponents during the course of said depositions referencing Confidential Information, and any such disclosure shall be construed as a violation of the Protective Order.

**Protection of Confidential Information**

12. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to only those persons authorized by the Protective Order.

13. Any party that is served with a subpoena or other request for production of Confidential Information produced by the other party must immediately give written notice of such subpoena or other notice to the original Designating Party so as to afford the original Designating Party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. Upon receiving such notice, the original Designating Party shall bear the burden of opposing, it it deems appropriate the subpoena or request for production. In no event should production or disclosure be made without written approval by the original Designating Party unless required by Court order arising from a motion to compel production or disclosure of Confidential Information.

14. No more than thirty (30) calendar days after the end of litigation (as defined *infra* in Paragraph 6) in the instant case, the Receiving Party, and every other person and/or entity who received Confidential Information shall (1) destroy such documents and any copies thereof and provide written notification of such destruction to the producing party or (2) return such documents and any copies thereof to the producing party.

**Challenges to Designation**

15. Any party may object to the propriety of the designation of Confidential Information by serving a written Objection to the designation and thereafter seeking Court intervention in accordance with local rules.

5

**Filing Confidential Information in Court Records**

16. The designation of documents or information as "Confidential" or "Confidential/Attorney's Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rules 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

**Special Provisions**

17. Defendants may redact personal and irrelevant confidential information related to defendants and third parties not related to the incident that is the subject matter of this litigation, contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

18. The parties hereby acknowledge that Defendants intend to immediately produced various documents pursuant to this protective order which are contained on disc. The parties further agree that those specific documents contained on the disc and which are itemized in Exhibit B and attached hereto are considered designated by Defendants as confidential under this Protective Order without need to physically stamp each individual document "Confidential." educational information, and similar information.

**Miscellaneous Provisions**

19. The Defendants make no concessions as to the admissibility of such items herein disclosed and reserve the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

20. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties are relying upon the terms and conditions of the Protective Order.

21. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

22. Designations In Good Faith: "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designation party in good faith believes will, if disclosed, have the effect of causing harm to its privacy interests. "Confidential" and/or "Confidential/Attorney's Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

23. Use At Trial: Documents designated "Confidential" and/or "Confidential/Attorney's Eyes Only" may be used by any party without limitation at trial. However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorney's Eyes Only" may renew their request for confidentiality before the trial judge at the status conference and/or thorugh a motion in limine.

22. The Defendants will disclose the confidential documents identified within paragraph 20 upon receipt of signing this Stipulation, and immediate filing of same.

Dated: _____

_____
Honorable Andrew J. Guilford
United States District Judge

7

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Coleen M. Ludvigson, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California  92705-7101.

On August 11, 2011, I caused to be served the **[PROPOSED] PROTECTIVE ORDER** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

John H. Upton, Esq.
Jason McDaniels, Esq.
MOREY & UPTON LLP
611 Anton Boulevard, Suite 800
Costa Mesa, CA 92626

___ (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

___ (Facsimile) I caused the aforementioned documents to be sent via facsimile to the individuals noted above.

___ (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents.  Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2011, at Santa Ana, California.

/s/ Coleen M. Ludvigson
Coleen M. Ludvigson

8