John H. Upton (SBN 137169) (jupton@mulaw.com)
Jason A. McDaniel (SBN 275342) (jmcdaniel@mulaw.com)
MOREY & UPTON, LLP
611 Anton Boulevard, Suite 800
Costa Mesa, CA 92626
(714) 432-9555; (714) 432-9555 FAX

Douglas A. Linde (SBN 217584) (dal@lindelaw.net)
Erica L Allen (SBN 234922)
AREN KAVCIOGLU (SBN 221992)
THE LINDE LAW FIRM
9000 Sunset Blvd Suite 1025
Los Angeles, CA 90069
(310) 203-9333; (310) 203-9233 FAX

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI BODE and GINA NASTASI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FULLERTON, OFFICER ALBERT RINCON, OFFICER CHRISTOPHER WREN, and DOES 1 TO 100, Inclusive,<br><br>Defendants. | Case No.: SACV 10-0835-AG (MLGx)<br>Judge: Hon. Andrew J. Guilford<br>Dept.: Courtroom 10D<br><br>**EX PARTE APPLICATION TO STRIKE UNTIMELY MOTION FOR SUMMARY JUDGMENT; DECLARATION OF DOUGLAS A. LINDE, ESQ. IN SUPPORT THEREOF**<br><br>Complaint Filed: December 17, 2009<br>Trial: November 8, 2011 |

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLAINTIFFS, KARI BODE and GINA NASTASI, ("Plaintiffs") hereby seek

an order striking Defendant's Motion For Summary Judgment filed on August 29, 2011, Docket No. [No. 20] as untimely for the following reasons:

- Pursuant to this Court's Scheduling Order, Motions For Summary Judgment, "shall be noticed for a hearing occurring not less than 30 days before the Final Pretrial Conference, unless otherwise allowed by the Court."
- The Motion is set for a hearing date of September 26, 2011. The Final Pretrial Conference in this matter is October 24, 2011. Accordingly, Defendants' Motion is untimely.
- Based upon a hearing date of September 26, 2011, Plaintiffs' Opposition would ordinarily be due on Monday, September 5, 2011, which is a Federal Holiday. Accordingly Plaintiffs must file their Opposition by Friday, September 2, 2011, meaning they only have four (4) days to prepare their Opposition. Defendants have agreed that Plaintiffs may file their Opposition by Tuesday, September 6, 2011.

Pursuant to Local Rule 7-19, and the Declaration of Douglas A. Linde, Esq., filed herewith, Plaintiff provided notice of the instant Ex Parte Application to Defendant City of Fullerton through their counsel of record in this matter (who also represent all other Defendants in this matter):

> Bruce D. Praet, Esq. (State Bar No. 119430) (bpraet@aol.com)
> Blakney A. Boggs, Esq. (State Bar No. 266895) (bboggs@law4cops.com)
> FERGUSON, PRAET & SHERMAN, A Professional Corporation
> 1631 East 18th Street
> Santa Ana, California 92705-7101
> Telephone: (714) 953-5300
> Facsimile: (714) 953-1143

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: August 31, 2011 | MOREY & UPTON, LLP<br>THE LINDE LAW FIRM |
| 4 | | |
| 5 | | _/s  Douglas A. Linde_____ |
| 6 | | JOHN H. UPTON<br>JASON McDANIEL |
| 7 | | DOUGLAS A. LINDE |
| 8 | | ERICA L. ALLEN<br>AREN KAVCIOGLU |
| 9 | | Attorneys for Plaintiffs |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a Civil Rights and state law claim brought by two Plaintiffs who allege, among other things, they were sexually assaulted by an on-duty City of Fullerton police officer, Officer Albert Rincon, in the course of effecting stops and arrests.

This case was filed in State Court, on December 17, 2009, and timely removed to Federal Court.

On August 29, 2011, Defendant the City of Fullerton filed a Motion For Summary Judgment, Docket No. [No. 20], on the grounds that they are not responsible for the actions of their own police officer.

The Motion flies in the face of numerous authorities, including *Mary M. v. City of Los Angeles*, 54 Cal.3d 202 (1991) which is not even cited in Defendants moving papers and squarely holds a municipality is liable for sexual assault of a detainee by an on-duty police officer.

However, separate and apart from the merits, Defendant's Motion must be denied and stricken as untimely:

- Pursuant to this Court's Scheduling Order, paragraph 4, a copy of which is attached hereto as Exhibit A, Motions For Summary Judgment, "shall be noticed for a hearing occurring not less than 30 days before the Final Pretrial Conference, unless otherwise allowed by the Court."

- The Motion is set for a hearing date of September 26, 2011. The Final Pretrial Conference in this matter is October 24, 2011, 28 days after the hearing on the Motion For Summary Judgment.

- Accordingly, Defendants' Motion is untimely and should be stricken on this basis alone.

Ex Parte relief is necessary in this case. Opposing a Motion for Summary Judgment is a tremendously burdensome undertaking, requiring a significant effort of marshaling facts, obtaining declarations and legal research and writing. In this case, all of this work is needless because Defendant's Motion was not timely filed.

Additionally, based upon Defendant's chosen hearing date of September 26, 2011, Plaintiffs' Opposition would ordinarily be due on Monday, September 5, 2011, which is a Federal Holiday. Accordingly Plaintiff s would be required to file their Opposition by Friday, September 2, 2011, providing them only four (4) days to prepare their Opposition. Recognizing this, Defendants have stipulated that Plaintiffs may file their Opposition by Tuesday, September 6, 2011, without objection. To the extent the Court is unwilling to approve such a stipulation, Plaintiff counts the prejudice associated with opposing Defendant's untimely Motion for Summary Judgment on four (4) days notice, as additional grounds to strike said Motion.

{00075525 }
CASE NO. SACV 10-0835-AG (MLGx)

## II. PROPER NOTICE OF THIS EX PARTE HAS BEEN PROVIDED

Pursuant to Local Rule 7-19.1, "It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

As set forth in the Declaration of Douglas A. Linde filed concurrently herewith, proper oral notice of this Ex Parte Application has been provided to counsel for Defendant, who stated that Defendant would oppose the instant Application.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court strike Defendant's Motion for Summary Judgment [Docket No. 20]

DATED: August 31, 2011                    Respectfully Submitted,

                                                               MOREY & UPTON, LLP
                                                               THE LINDE LAW FIRM

                                                               _/s/ Douglas A. Linde_____
                                                               JOHN H. UPTON
                                                               JASON McDANIEL
                                                               DOUGLAS A. LINDE
                                                               ERICA L. ALLEN
                                                               AREN KAVCIOGLU
                                                               Attorneys for Plaintiffs

## DECLARATION OF DOUGLAS A. LINDE

I am one of the attorneys for Plaintiffs herein ("Plaintiffs").  I make the following statements based upon my own personal knowledge.

1. Attached hereto as Exhibit A is a copy of the Scheduling Order in this case.

2. On August 31, 2011, I had a telephone conversation with Bruce A . Praet, attorney for Defendants.  Pursuant to Local Rule 7-19.1, I orally informed him that we would be making the instant Ex Parte Application on August 31, 2011, regarding the timeliness of the Motion for Summary Judgment.  In response, he stated that he would (a) oppose the instant Ex Parte Application, and (b) would not object to Plaintiffs filing their Opposition by Tuesday, September 6, 2011, rather than Friday, September 2, 2011.

3. Ex Parte relief is necessary in this case.  The Motion is set for a hearing date of September 26, 2011.  The Final Pretrial Conference in this matter is October 24, 2011.  Accordingly, the Motion is untimely pursuant to this Court's Scheduling Order, paragraph 4, which provides Motions For Summary Judgment, "shall be noticed for a hearing occurring not less than 30 days before the Final Pretrial Conference, unless otherwise allowed by the Court."   Opposing a Motion for Summary Judgment is a major burdensome undertaking, and which is needless because Defendant's Motion was not timely filed.

I declare under the penalty of perjury that the foregoing is true and correct of my own personal knowledge.  If called as a witness, I could and would testify competently to all of it.  Signed on this 31st day of August, 2011.

_/s/ Douglas A. Linde_____

Douglas A. Linde, Declarant

{00075525 }
CASE NO. SACV 10-0835-AG (MLGx)

- 7 -